MAXWELL (TUCKER v.). See Case No. 14,-224.

MAXWELL (UNITED STATES v.). See Cases Nos. 15,749 and 15,750.

MAXWELL (VACCARI v.). See Case No. 16,810.

MAXWELL (VAN ZANDT v.). See Case No. 16,884.

MAXWELL (WARBURG v.). See Case No. 17,142.

MAXWELL (WELD v.). See Case No. 17,-374.

---

## Case No. 9,324a.

MAXWELL v. WILLIAMS.

[Hempst. 172.] [1]

Superior Court, Territory of Arkansas. Jan., 1832.

DISMISSAL OF APPEAL—RELEASE OF BAIL.

1. After the dismissal of an appeal, the appellate court has nothing further to do with the case.

2. Delay in suing out execution releases bail under the statute.

Appeal from Arkansas circuit court.

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

OPINION OF THE COURT. The record in this case shows the following state of facts: [Arden] Williams, the appellee, obtained a judgment before a justice of the peace, against Walter Tucker and James Bennett, on the 13th of March, 1830; and on the same day [John] Maxwell, the appellant, became bound as special bail for the stay of execution, which expired on the 13th of July, 1830. On the 17th of August, upwards of a month after the expiration of the stay, an execution was issued on the judgment, and returned the 7th of September, indorsed "No property found." A scire facias was sued out on the 9th of December following, requiring Maxwell to show cause why an execution should not issue against him, jointly with Tucker and Bennett, and upon the same day an execution was awarded by the justice. Maxwell appealed to the circuit court, and at the first term thereafter, on the motion of Williams, by his attorney, the appeal was dismissed, and the judgment of the justice confirmed. From this decision Maxwell prayed an appeal to this court.

Two points are relied on to reverse the judgment: First, it is contended that the circuit court erred in confirming the judgment of the justice, after dismissing the appeal; and, second, that Williams, by failing to is-sue execution on his judgment for upwards of thirty days after the expiration of the stay, released the special bail. It will be necessary only to notice the first objection. After dismissing the appeal, it is very clear that the circuit court had nothing further to do with the case. It then stood before the justice of the peace in the same situation it did before the appeal was prayed. If the appeal had been entertained Maxwell undoubtedly had the right to show cause why an execution should not issue against him in the same manner he could have done upon the return of the scire facias before the justice. Upon the second point, were it necessary to decide, there would be a unanimity of opinion, that the delay to sue out execution released the bail. Execution must be issued against the principal immediately on the expiration of the stay. Ter. Dig. 392. Judgment reversed.